**UNITED STATES DISTRICT COURT**
Eastern District of Arkansas
U.S. Post Office & Courthouse
P. O. Box 3684
Little Rock, Arkansas 72203

G. Thomas Eisele
 Senior Judge

July 18, 2005

**<u>LETTER ORDER</u>**

Glenn Lovett, Jr.
Snellgrove, Langley, Lovett and Culpepper
111 East Huntington
Post Office Box 1346
Jonesboro, AR 72403-1346

David W. Cahoon
Attorney at Law
519 West Washington Avenue
Post Office Box 1594
Jonesboro, AR 72403

                Re: *Curtis Barrett v. Doin Bowers, Jr.,*
                Case No. 3:04-CV-0090

Dear Counsel:

     In anticipation of the August 8, 2005 trial date of this matter, the Court would like to resolve a preliminary issue that has not been addressed heretofore by either party. Under the exclusive remedy provision of the Arkansas Workers' Compensation Act, Ark. Code § 11-9-105, an injured employee must submit a claim to the Workers' Compensation Commission ("Commission") prior to seeking relief in court. As explained by the Arkansas Supreme Court:

> We hold that the exclusive remedy of an employee or her representative on account of injury or death arising out of and in the course of her employment is a claim for compensation under § 11-9-105, and that the commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort.

*VanWagoner v. Beverly Enterprises*, 334 Ark. 12, 15, 970 S.W.2d 810, 812 (Ark. 1998).

     The parties are in agreement here that, at the time of the injury, Plaintiff was an employee of Defendant and was engaged in activities within the scope of his employment. The Court notes

that the pleadings do not reflect whether Plaintiff sought relief from the Commission. Do the parties contend that this action is not subject to the normal requirement of the Workers' Compensation Act, and if so, why?

Please respond no later than **Friday, July 22, 2005**.

Cordially yours,

/s/Garnett Thomas Eisele

G. Thomas Eisele